IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:15-CV-61-FL

| | | |
|---|---|---|
| ELDER DEFORRORRORA LOCUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ABC BOARD; BILL JOHNSON, *in His Official Capacity as Director of Public City of Kinston Public Safety*; CITY OF KINSTON PUBLIC SAFETY , | ) ) ) ) ) | |
| | ) | |
| Defendant. | | |

This matter is before the court on motions to dismiss for failure to state a claim upon which relief can be granted, made pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by each defendant. (DE 16, 33, 34). Defendants have submitted their memoranda in support and plaintiff's response time has passed. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the motions are granted.

**COURT'S DISCUSSION**

Plaintiff, proceeding *pro se*, initiated this action by complaint entered on the docket April 15, 2015. (DE 1). Thereafter, plaintiff filed a corrected complaint, (DE 9), which subsequently was supplemented with additional factual allegations. (DE 11). As derived from the corrected complaint, plaintiff alleges a host of civil rights violations stemming from the occupation of certain property by a non-party named Christopher Landers. Plaintiff suggests Landers wrongfully is occupying certain property owned by plaintiff and using that property to illegally sell alcohol,

among other things.  Plaintiff further suggests that he complained to defendants on numerous

occasions and that such complaints fell on deaf ears.

A claim is stated under Rule 12(b)(6) if the pleading contains "sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In evaluating

whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in

the light most favorable" to the non-moving party but does not consider "legal conclusions, elements

of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted

inferences,  unreasonable  conclusions,  or  arguments."  Nemet  Chevrolet,  Ltd.  v.

Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

Plaintiff's complaint contains insufficient factual matter to support plaintiff's various claims.

Although the complaint contains a wealth of facts, the specific portions of the complaint bearing on

the named defendants' liability are nothing more than conclusory allegations which are not entitled

to the presumption of truth.  Accordingly, plaintiff's complaint must be dismissed pursuant to

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be

granted.[1]

---

[1] On August 6, 2015, plaintiff filed an appeal with the United States Court of Appeals for the Fourth Circuit.
"Generally, the filing of a notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from
the district court to the court of appeals." Lytle v. Griffith, 240 F.3d 404, 407 n.2 (4th Cir. 2001).  However, the general
rule does not apply where the district court addresses a motion "in aid of the appeal." See Fobian v. Storage Tech. Corp.,
164 F.3d 887, 891 (4th Cir. 1999).  Where this is the only ruling of substance in this case, the court determines that this
order will "aid the appeal."  Accordingly, jurisdiction exists.

**CONCLUSION**

Based on the foregoing, defendant's motions to dismiss the case for failure to state a claim upon which relief can be granted, (DE 16, 33, 34), are GRANTED. The case is DISMISSED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 12th day of August, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge